Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>           Plaintiff,<br>    vs.<br><br>ASSURITY LAW GROUP, INC., a California Corporation, SCOTT MCDONALD, an individual,<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

/ / /

/ / /

- 1 -
Complaint

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the county of Orange, State of California.

2. Defendant ASSURITY LAW GROUP, INC. (Assurity Law Group) is, and at all times herein mentioned was, a California corporation, doing business in the County of Los Angeles, State of California.

3. Defendant SCOTT MCDONALD is, and at all times herein mentioned was, doing business in the County of Los Angeles, State of California.

4. This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

# FACTUAL SUMMARY

6. Defendants made three (3) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch debt modification services on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name (CID):

- April 19, 2012 at 3:09 pm,  CID 657-210-3011
- June 25, 2012 at 8:35 am,  CID 657-210-3011
- July 27, 2012 at 2:49 pm,  CID 949-988-2014

7. Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

8. While each of the calls complained of above used the Caller ID number, they did not transmit Caller ID name information as required by law. 47 C.F.R. § 64.1601(e).

9. Defendants called Mr. Sapan three (3) separate occasions where they attempted to pitch Mr. Sapan debt modification services.

10. In all three (3) calls, Defendants identified themselves as ASSURITY LAW GROUP.

11. Corporatewiki.com lists Defendant SCOTT MCDONALD as President of Defendant ASSURITY LAW GROUP.

12.     Defendant SCOTT MCDONALD is, and at all times herein mentioned was, the owner of Defendant ASSURITY LAW GROUP.

13.     Plaintiff alleges on information and belief that Defendant SCOTT MCDONALD made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

14.     Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 199- For all three (3) calls]

15.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

16.     Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

17.     Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of

Complaint

Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

18.  At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

19.  Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

20.  Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If

Complaint

the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel- For all three (3) calls]

21. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

22. The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

23. At no time did Plaintiff consent to this trespass.

24. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 2% of his monthly phone bills in June of 2012 since Defendants calls constituted 2% or more of the total calls to his phone at the height of their junk calling campaign.

25. In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices- For all three (3) calls]

26. Plaintiff realleges all paragraphs above and incorporates them herein by reference.

27. Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

28. As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 2% of his monthly phone bills in June of 2012 since Defendants calls constituted 2% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

29. Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:
1. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c)(2);
2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:
3. For compensatory damages according to proof;

4. For punitive damages;

On the THIRD CAUSE OF ACTION:

5. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

6. For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

7. For costs of suit herein incurred; and

8. For such further relief as the Court deems proper.

DATED: March 14, 2016                               **PRATO & REICHMAN, APC**

<u>/s/Christopher J. Reichman, Esq.</u>
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

- 8 -
Complaint